# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MEL M. MARIN,

    Appellant,

vs.

THOMAS H. BILLINGSLEA,

    Appellee.

Case No. 12-CV-2482-IEG (WVG)

Bankruptcy No. SD 11-11223-PB13

**ORDER DENYING BROTHER'S *EX PARTE* MOTION TO STAY**

[Doc. No. 20]

This case comes before the Court on an appeal from an order of the Bankruptcy Court for the Southern District of California. [*See* Doc. No. 1.] On February 15, 2013, Appellant filed an *ex parte* motion for the imposition of a stay in the bankruptcy court preventing the proposed February 17, 2013 foreclosure sale of Appellant's sister's home.[1] [Doc. No. 20.] For the reasons below, Appellant's motion is **DENIED**.

## DISCUSSION

"When deciding whether to issue a discretionary stay pending a bankruptcy appeal, courts use the following four factors: (1) Movant's likelihood of success on the merits of the appeal; (2) significant and/or irreparable harm that will come to Movant absent a stay; (3) harm to the adverse party if a stay is granted; and (4) where the public interest lies." *In re North Plaza, LLC*, 395 B.R. 113, 119 (S.D. Cal. 2008). Though these factors ostensibly mirror the standard for preliminary injunctions, the Ninth Circuit's "sliding scale" preliminary injunction approach is not applicable

---

[1] Appellant's sister, Jordana Bauman, is prosecuting a parallel appeal before this Court. [*See* Southern District of California Case No. 12-CV-2476.]

here.[2] *Id*. Rather, on the present motion, Appellant bears the burden of "show[ing] that it is more likely than not they will succeed on the merits, whatever the possibility of irreparable injury." *Id.*

Appellant fails to show any likelihood of success on the merits. The entirety of his showing in this regard reduces to two statements: (1) that "the Bankruptcy Court violated due process in failing to identify what was wrong with brother's draft bankruptcy plan;" and (2) that "[i]t is not necessary to produce the transcript of the October 19, 2011 hearing now." [Doc. No. 20 at 18.] Appellant's motion makes no attempt to explain the significance of either of these statements, nor how these statements relate to, much support a likely success on, the merits of the appeal. [*Id.*] As Appellant makes no showing of likelihood of success on the merits, Appellant fails to carry his burden on the present motion to stay.

Moreover, even under the more lenient preliminary injunction standard, Plaintiff's showing fails to warrant a stay. "[I]n the absence of a likelihood of success on the merits, loss of property alone is not sufficient for a TRO." *Jones v. H.S.B.C. (USA)*, 2012 U.S. Dist. LEXIS 574, at *4-5 (S.D. Cal. Jan. 4, 2012.) And "it is not in the public interest to delay a foreclosure and afford relief to those deserving security on a defaulted loan." *Beutel v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 121486, at *17 (N.D. Cal. Oct. 20, 2011) (citing *Wilson v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 86611, at *8 (N.D. Cal. Aug. 5, 2011)). Thus, even if losing one's home qualifies as irreparable harm and the balance of hardships tips toward Appellant, the utter lack of any showing of success on the merits dooms the present motion to stay. *See Johnson v. California State Bd. of Accountancy*, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'").

///
///
///

---

[2] "A 'sliding scale' approach, which often results in disproportionately weighting the 'irreparable harm' prong, is appropriate for preliminary injunctions because a court deals with the dispute on first impressions, relies on a less-than-developed factual and legal record, and will ultimately revisit the issue down the road. In contrast, where—as here—a court has taken extensive evidence and briefing and issued a determination on the merits, an interest in finality arises." *Id.* "This finality would be rendered impotent if an enjoined party could always raise the spectre of irreparable injury to trump the trial court's order, no matter how unlikely an appellate victory on the merits." *Id.*

## CONCLUSION

For the foregoing reasons, Appellant's motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** February 26, 2013

**IRMA E. GONZALEZ**
**United States District Judge**