# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>JORDAN MARINKOVIC BAUMAN,<br>                                 Debtor.<br>───────────────────────────<br>JORDANA BAUMAN,<br>                              Appellant,<br>  vs.<br><br>THOMAS H. BILLINGSLEA, JR.,<br>CHAPTER 13 TRUSTEE, et al.,<br>                              Appellees.<br>───────────────────────────<br>MEL M. MARIN,<br>                              Appelant,<br>  vs.<br><br>THOMAS H. BILLINGSLEA, JR.,<br>CHAPTER 13 TRUSTEE, et al.,<br>                              Appellees. | Case Nos.  12cv2476 - IEG (RBB)<br>                  12cv2482 - IEG (BLM)<br>Bankruptcy Case No: 11-11223-PB<br><br>**ORDER VACATING DISMISSAL AND REMANDING TO THE BANKRUPTCY COURT FOR FURTHER PROCEEDINGS.** |

     Before the Court are two appeals arising from the same underlying Chapter 13 bankruptcy proceeding. Appellants, Debtor Jordana M. Bauman and her brother, Mel M. Marin, each appeal the bankruptcy court's September 12, 2012 dismissal

order.  For the reasons below, the dismissal order is **VACATED**, and the matter is **REMANDED** to the bankruptcy court for further proceedings consistent herewith.

## BACKGROUND

Debtor Bauman filed a voluntary Chapter 13 bankruptcy petition on July 5, 2011.  [*See* Doc. No. 22, (Excerpts of Record ("E.R.")) at 63.]  On August 1, 2011, Debtor's brother, Marin, filed a motion asserting standing as a creditor on behalf of a family trust.  [E.R. at 64.]  On August 5, 2011, Debtor filed a proposed Chapter 13 plan (the "Plan").  [E.R. at 65.]  On August 12, 2011, the Chapter 13 Trustee filed objections to confirmation of the Plan and a motion to dismiss pursuant to 11 U.S.C. §1307(c)(5), both noticed for hearing on October 19, 2011.  [*Id.*]  On August 19, 2011, creditor Wells Fargo Bank, N.A., filed objections to confirmation, also noticed for hearing on October 19, 2011.  [*Id.*]  On September 6, 2011, Bauman filed an opposition to the objections and motion to dismiss.  [*Id.*]  On October 19, 2011, the bankruptcy court took the objections and motion to dismiss under submission without ruling on the validity of either.  [E.R. at 66.]

Nearly a year later, on September 12, 2012, the bankruptcy court issued a short written order dismissing Bauman's petition on grounds that "[m]ore than enough time ha[d] elapsed for debtor to step forward and correct all the deficiencies in her proposed plan . . . [and that she] ha[d] failed to show how amendment might salvage her plan."  [E.R. at 67.]  By the present appeals, Debtor and her brother request that the bankruptcy court's dismissal order be vacated.[1]

## DISCUSSION

**A.     Jurisdiction and Standard of Review**

The Court has jurisdiction over appeals from final judgments of the

---

[1]     Appellants' voluminous motion practice in this matter, both before the bankruptcy court and on appeal, has approached vexatiousness.  And the Court is well-aware of Appellant Marin's "extensive history of frivolous litigation."  *Marin v. Escondido Care Center*, 2012 WL 5463688, at *2 (S.D. Cal. Nov. 7, 2012); *see also id.* at *2 n.3, 4.  Accordingly, Appellants are hereby cautioned that unchecked, frivolous motion practice may result in a vexatious litigant order.

bankruptcy court, *see* 28 U.S.C. § 158(a)(1); *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003), and reviews findings of fact for clear error and conclusions of law *de novo*, *see* FED. R. BANKR. P. 8013(a); *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007).

**B.     The Bankruptcy Court's Dismissal Order is Void**

Dismissal of Chapter 13 petitions is governed by § 1307(c), which requires: (1) notice and a hearing; and (2) a showing of cause. *See* 11 U.S.C. § 1307(c). Here, neither requirement was met and thus dismissal was improper.

**1.     Inadequate Notice and Hearing**

"Pursuant to 11 U.S.C. section 1307(c), a Chapter 13 case can only be dismissed 'after notice and a hearing'." *In re Krueger*, 88 B.R. 238, 241 (9th Cir. BAP 1988) (quoting 11 U.S.C. section 1307(c)). Per statute, "'after notice and a hearing' means: 'such notice as is appropriate in the particular circumstances and such opportunity for a hearing as is appropriate in the particular circumstances.'" *Id*. (quoting 11 U.S.C. section 102(1)(A)). "The essential point is that the court should give counsel a meaningful opportunity to be heard." *In re Rosson*, 545 F.3d 764, 775 (9th Cir. 2008). But although this statutory "concept of notice and a hearing is flexible," "dismissal . . . [is] not appropriate where substantive issues are to be determined." *In re Tennant*, 318 B.R. 860, 870 (9th Cir. BAP 2004) (citing *In re Minkes*, 237 B.R. 476, 478-79 (8th Cir. BAP 1999)).

Here, the bankruptcy court dismissed for failure to correct purported deficiencies that had never been identified as substantively valid. With these "substantive issues [yet] to be determined," dismissal was inappropriate. *Id*. at 870; *see also In re Minkes*, 237 B.R. at 478-79 (reversing bankruptcy court dismissal order because "[n]o notice was given to the debtor of the deficiencies with his plan, with an opportunity to either argue that the plan was not deficient or to correct the plan to meet the perceived problems").

"Moreover, notice is not only a statutory requirement, but a constitutional

requirement as well." *In re Krueger*, 88 B.R. 238, 241. "The due process clause of the Fifth Amendment requires that due process be provided before property can be taken." *Id*. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *In re Leeward Subdivision Partners*, LLC, 2010 WL 6259983, at *9 (9th Cir. BAP 2010) (same).

Here, the bankruptcy court took under submission contested objections without identifying which, if any, warranted rebuttal, much less correction, by Appellants. Then, nearly a year later, the bankruptcy court issued a dismissal order, which faulted Appellants for failing to correct those purported deficiencies even though they had never been identified as warranting correction. By failing to identify which purported deficiencies warranted a response, the bankruptcy court left Appellants without any meaningful opportunity to respond and thereby violated due process. *See In re Rosson*, 545 F.3d at 776 (due process violated where "overall process provided by the bankruptcy court failed to afford [debtor] a meaningful opportunity to be heard"); *In re Dunn*, 2010 WL 6451888, at *7 (9th Cir. BAP 2010) (finding bankruptcy court's failure to provide adequate notice a violation of due process). Accordingly, the bankruptcy court's dismissal order is not only statutorily improper, but void as a deprivation of due process. *In re Krueger*, 88 B.R. at 241 ("An order is void if it is issued by a court in a manner inconsistent with the due process clause of the Fifth Amendment.").

### 2. Inadequate Showing of Cause

Furthermore, the bankruptcy court's dismissal order failed to require a sufficient showing of cause. The order's basis for cause is denial of plan confirmation under §1307(c)(5), which "requires, at a minimum, that the court must afford a debtor an opportunity to propose a new or modified plan following the

denial of plan confirmation." *In re Nelson*, 343 B.R. 671, 675-676 (9th Cir. 2006). Because the bankruptcy court failed to identify the purported deficiencies in the Plan, Bauman had no an opportunity to propose a new or modified plan addressing those purported deficiencies. Without that opportunity, dismissal pursuant to §1307(c)(5) was improper. *Id.*; *accord In re Eardley*, 2009 WL 7809924, at * (9th Cir. BAP 2009) (a "court ordinarily must afford a debtor an opportunity to amend a plan before dismissing a chapter 13 case for 'cause.'"); *In re Minkes*, 237 B.R. at 478 ("we disagree that the filing of one unconfirmable plan, in and of itself, is sufficient cause for dismissal of a Chapter 13 case.").

In sum, the Court finds the bankruptcy court's dismissal both statutorily improper under §1307(c) and constitutionally improper because of a violation of due process. Accordingly, the bankruptcy court's dismissal order is **VACATED**. *In re Krueger*, 88 B.R. at 241 (a district court "properly vacate[s] [a] dismissal order . . . issued in violation of the Debtor's due process rights.").

## CONCLUSION

For the reasons above, the Court hereby **VACATES** the bankruptcy court's September 12, 2012 dismissal order and **REMANDS** to the bankruptcy court for further proceedings consistent herewith.

**IT IS SO ORDERED.**

DATED: August 29, 2013

IRMA E. GONZALEZ,
**United States District Court**